IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**EMMANUEL GONZALEZ MALDONADO**<br><br>DEBTOR (S) | CASE NO.:20-01984(**ESL**)<br><br>CHAPTER 13 |
| **FIRSTBANK** Puerto Rico<br>MOVANT | |
| **EMMANUEL GONZALEZ MALDONADO**<br>José Carrión Morales<br>RESPONDENT'S | (x) Opposition to plan confirmation under Title USC 11 §1325(a) (1), (2) on Plan Confirmation & Title 11 USC §1325(a) (6), on Feasibility Test or Sufficiency on the Funding of a Proposed Plan, 11 USC §1325(b) (1) (B) on Disposable Income. |

## MOTION OBJECTING THE CONFIRMATION OF THE PLAN

TO THE HONORABLE COURT:

COMES NOW, Movant **FIRSTBANK Puerto Rico**, through its undersigned attorney and very respectfully states and preys:

**A. JURISDICTION.**

1- The jurisdiction of the Honorable Court is ascertain under Title 28 USC§1334, Title 28 USC §157, Title 11 USC §361, on Adequate Protection and Title 11 USC §1325(a) (1) and (2) on Confirmation of Plan, 11 USC §1325(b) (6) on Feasibility Test or sufficiency funding of a proposed plan. See Lundin, Keith M.; on Chapter 13 Bankruptcy: Chapter 5, at §5.56 on Feasibility, Title 11 UAC §1325 (b) (1) (B) on Disposable Income, and Title 11 USC §707 (b) (1), §707 (b) (2) and or §707 (b) (6) on Specifications for compliance with the Means Test.

**B. FACTS.**

2- Movant's standing is ascertained as it filed on June 19, 2020, an unsecured claim for $6,685.39 (account no.: 5971). See, Clm. Reg. 4.

3- The debtor(s) filed a bankruptcy case under chapter 13 on May 28, 2020. The proposed plan dated May 28, 2020 provides for the payment of $150 x 3, and 585 x 57 months, for a total base of $33,795.00. But in line with

the claims that this debtor intends to pay the plan appear to need a base of 36,491.77 to be sufficiently funded. Therefore, the plan appears to be insufficiently funded for $2,696.77 dollars. In that line Movant objects confirmation. See, Bkcy Dck. 1 and 3. See also, Attachment A.

C. **APPLICABLE LAW.**

Bankruptcy L Rule 9013-2 (a) specifically provides that except as provided in subsection (b) of this LBR, any motion or response thereto must be accompanied by supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof.

4- The Code under Title 11 USC §1325 (a) calls for the confirmation of the plan with an imperative verb … SUBJECT TO the compliance to the requirements under the Code by the Debtor(s). To that effect, the "Court shall confirm a plan, *if* – (1) the plan complies with the provisions of this chapter an with the other applicable provisions of this title; … (2) the plan has been proposed in good faith and not by means forbidden by law; … (6) the debtor will be able to make all payments under the plan and to comply with the plan.

5- Section 1325 (a) (6) restrains the Court from confirming a plan where: (6) the plan calls for payments or other performance beyond even an optimistic appraisal of the debtor's abilities. Id. Lundin, Keith M., pg. 5-161

6- Feasibility, although an ample concept; at its simplest, requires that the debtor's income exceeded expenses by an amount sufficient to make the payments proposed under the plan. Where the debtor's budget will not support the payments into the plan, the plan is not feasible and confirmation must be refused. In Re Belden, 144 BR 1010 (Bkcy D. Minn. 1992)

7- Title I of BAPCA 2005 provided the heart of what has been called the "need-based" bankruptcy reform. Thus, the concept being that an individual with primary consumer debts will be permitted to file for chapter 7 relief only if that chapter is warranted, based upon an analysis of **whether the debtor can repay a scheduled amount or percentage to unsecured creditors**. The standing to move the Honorable Court on abuse motions and or lack of

Case no. 20-01984 (ESL)
FIRSTBANK Puerto Rico / Money Express
Page 3 of 5

compliance with the specifications under the Means Test are found on Title 11 USC §707 (b) (1), §707 (b) (2) and or §707 (b) (6) on joint cases. Hon. William Houston Brown and Laurence R. Ahern III: <u>2005 Bankruptcy Reform Legislation with Analysis</u>.

8- "Current monthly income" is a defined term in §101 (10A) meaning a six-month average of the monthly income from all sources, whether taxable or not, an including both spouses if it is a joint case. The six – month period ends on the last calendar day of the month of immediately preceding the filing (or a later date determined by the court if the debtor does not file the §521 (a) (1) (B) (ii) statement of current monthly income), and the calculation of current monthly expenses. The definition excludes, however, *some income*, most commonly social security benefits, such as: - social security benefits, payments to victims of war crimes or victims of crimes against humanity, and payments to victims of international or domestic terrorism. **11 USC §101 (10A)** The exclusion of this benefits will permit the debtor whose sole income was from those benefits to pass the means test.

9- 11 USC §1325 (b) (1) (B) provides… that if the trustee of the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may nor approve the plan unless, as of the effective date of the plan – (B) the plan provides for all the debtor(s) projected disposable income to be received in the ~~three year period~~ *applicable committed period* beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

10- Prior to BAPCA 2005 the Courts has ruled that… when the funding of a case depends on the future income from commissions it has been ruled by the Honorable Bankruptcy Court's "future income from commissions is too speculative to support feasibility of plan. <u>In Re Rose</u>, 101 BR 934, (Bankr. S. D. Ohio 1989). See as well, <u>In Re Wilkinson</u>, 99 BR 366 (Bankr. N. D. Ohio 1989) where the Honorable Bankruptcy Court denied confirmation where monthly income of $2,268.00 did not permit monthly expenses of $2,070.00, plan payments of $150.00, plus payments to secured lien claim holders "outside" plan totaling $10,038.00.

11- As well, in In Re Craig, 112 BR 224 (Bankr. N. D. Ohio 1990) confirmation was denied under section 1325(b) (1) (A) and (B) when the funding depended on the collection of a note and the debtor failed to produce evidence that the note is collectible.

12- Likewise in, In Re Olp, 29 BR 932 (Bankr. N. D. Ohio 1990) the Honorable Court denied confirmation where plan was to be funded with debtor's wife's income and child support payments were necessary to the plan and the wife was not a party to the petition. See as well, In Re Truxon, 71 BR 28 (Bankr. N. D. Ohio 1990) where the Honorable Court denied confirmation to a proposed plan when the funding was supported in the increased rental income from debtor's wholly owned business due to the fact that it was too expeculative to support the feasibility of the plan.

**D. ALLEGATIONS:**

13- Movant's standing is ascertained as it filed on June 19, 2020, an unsecured claim for $6,685.39 (account no.: 5971). See, Clm. Reg. 4.

14- The debtor(s) filed a bankruptcy case under chapter 13 on May 28, 2020. The proposed plan dated May 28, 2020 provides for the payment of $150 x 3, and 585 x 57 months, for a total base of $33,795.00. But in line with the claims that this debtor intends to pay the plan appear to need a base of 36,491.77 to be sufficiently funded. Therefore, the plan appears to be insufficiently funded for $2,696.77 dollars. In that line Movant objects confirmation. See, Bkcy Dck. 1 and 3. See also, Attachment A.

15-The debtor(s) has shown lack of compliance with the provisions under Title 11 USC §1325(b) (1) (A) and (B) and §1325 (a) (6). Thus, debtor(s) has shown a lack of commitment to take control of the reorganization of his/her/their finances.

14- For the reasons state hereinbefore the Movant does not accept the proposed plan dated May 28, 2020. See, Bkcy Dck 3.

WHEREFORE, is respectfully requested from this Honorable Court not to confirm the plan until the debtor's evidenced compliance all the requirements under the Code.

Case no. 20-01984 (ESL)
FIRSTBANK Puerto Rico / Money Express
Page 5 of 5

## RESPONSE TIME NOTICE

Within **fourteen (14)** days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Rule 9013-1 (h)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on this the same day of the filing of this motion the a copy of this Motion its being sent by first class mail to the debtor(s) EMMANUEL GONZALEZ MALDONADO, at the address on the docket, URB VALENTINA II, 157 INES ST., SAN LORENZO, PUERTO RICO 00754; by the Bankruptcy CM/ECF System to the authorized address: - to the Debtor(s) counselor ROBERTO FIGUEROA CARRASQUILLO, - to Atty. José Carrión Morales, the Chapter 13 Trustee // Atty. Alejandro Oliveras Rivera, the Chapter 13 - US Trustee, and to all the creditor's in the List of Creditors.

In San Juan, Puerto Rico, the 16th day of July 2020.

BY: /s/ María M. Benabe Rivera
María M. Benabe Rivera
Attorney for Movant - US - DC 208906
Maricarmen Colón Díaz - US - DC 211410
FIRSTBANK Puerto Rico
Centro de Servicios al Consumidor - Código 248
1130 Muñoz Rivera Ave., Rio Piedras, P R
PO Box 9146, San Juan, PR 00908-0146
maria.benabe@firstbankpr.com
(787)729-8135 / (787)729-8276

14-JULIO-2020

A :        LCDA. BENABE
           LCDA. COLON

DE :       IVELISSE ROMERO ABRAHANTE

ASUNTO:    20-01984  ESL
           EMMANUEL GONZALEZ MALDONADO


**CONF. HEARING: 22-JULIO-2020**

**RE:**     **INSUFFICIENTLY FUNDED**
            **TíTULO 11 USC  1325 (b)**


PLAN: 28-MAYO-20          BASE PROPUESTA:        **$33,795.00**

| INFULL | ORIENTAL | | $23,829.00 | NO CLAIM |
|---|---|---|---|---|
| ATRASOS: | | $ | - | |
| INFULL | | $ | - | |
| INFULL | | $ | - | |
| SEGURO: | | $ | - | |
| PRIORITY: | IRS | $ | 4,390.67 | CLAIM 1-2 |
| PRIORITY: | HACIENDA | | $1,045.60 | CLAIM 6 |
| ATRASOS: | | | $0.00 | |
| CO-DEBTOR | | | $0.00 | |
| ATTY. FEE: | | $ | 3,847.00 | RADICADO |
| Val. Collateral | | $ | - | |
| | | | | |
| **SUB-TOTAL** | | $ | 33,112.27 | |
| TRUSTEE FEE | | $ | 3,379.50 | |
| | | | | |
| **TOTAL** | | **$** | **36,491.77** | |
| | | | | |
| | SE QUEDA CORTO POR: | $ | (2,696.77) | ✓ |


**SE ANEJA MINUTA; DOCKET CLAIMS; DOCKET REGISTER.**

Attachment A

| | | |
|---|---|---|
| bel Matrix for local noticing<br>04-3<br>se 20-01984-ESL13<br>strict of Puerto Rico<br>d San Juan<br>e Jul 14 16:23:41 AST 2020 | US Bankruptcy Court District of P R<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601-4303 |
| toridad Acueductos Y Alcantarillados<br>Box 5729<br>guas, PR 00726-5729 | Autoridad de Energia Electrica<br>PO Box 363508<br>San Juan, PR 00936-3508 | Citi Card<br>PO Box 9001037<br>Louisville, KY 40290-1037 |
| aro<br>Box 360998<br>n Juan, PR 00936-0998 | DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION 424 B<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | DTOP<br>PO Box 41269 Minillas Station<br>San Juan, PR 00940-1269 |
| partment of Treasury<br>nkruptcy Section<br>Box 9024140<br>n Juan, PR 00902-4140 | EMP. BERRIOS INC.<br>PO BOX 674<br>CIDRA, PR 00739-0674 | FIRST BANK<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION-(CODE 248)<br>PO BOX 9146 SAN JUAN PR, 00908-0146 |
| rstbank Puerto Rico<br>Box 11856<br>n Juan, PR 00910-3856 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Island Finance<br>PO Box 71504<br>San Juan, PR 00936-8604 |
| )JEFFERSON CAPITAL SYSTEMS LLC<br>BOX 7999<br>INT CLOUD MN 56302-7999 | Oriental Bank<br>PO Box 195115<br>San Juan, PR 00919-5115 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| ars Card<br>Box 183081<br>lumbus, OH 43218-3081 | Synchrony Bank<br>PO Box 965004<br>Orlando, FL 32896-5004 | (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 |
| lmart<br>Box 103106<br>swell, GA 30076-9106 | EMMANUEL GONZALEZ MALDONADO<br>URB VALENTINA II<br>157 INES STREET<br>SAN LORENZO, PR 00754-3095 | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902-3884 |
| NSITA LECAROZ ARRIBAS<br>FICE OF THE US TRUSTEE (UST)<br>HOA BUILDING<br>D TANCA STREET SUITE 301<br>N JUAN, PR 00901 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| ternal Revenue Service<br> Box 21126<br>iladelphia, PA 19114-0326 | Jefferson Capital Syst<br>16 McLeland Rd<br>Saint Cloud, MN 56303-2198 | (d)Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 |
| rtfolio Recovery Associates, LLC<br>B 12914<br>rfolk VA 23541 | TMobile<br>PO Box 53410<br>Bellevue, WA 98015-3410 | End of Label Matrix<br>Mailable recipients 25<br>Bypassed recipients 0<br>Total 25 |